# UNITED STATES DISTRICT COURT

for the

Central District of California

United States of America

v.

Reshaun Derell Harris,

Defendant.

Case No. 19MJ03033

FILED
CLERK, U.S. DISTRICT COURT
JUL 2 4 2019
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date of June 29, 2019, in the county of Los Angeles in the Central District of California, the defendant violated:

*Code Section*

18 U.S.C. § 922(g)(1)

*Offense Description*

Felon in Possession of a Firearm and Ammunition

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/
Complainant's signature

David Gonzalez, ATF Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: 7/24/2019

/s/  ALEXANDER F. MacKINNON
Judge's signature

City and state: Los Angeles, California

Hon. Alexander F. MacKinnon,
U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT

I, David Gonzalez, being duly sworn, declare and state as follows:

### I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint and arrest warrant against RESHAUN DERELL HARRIS ("HARRIS") for a violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm and ammunition).

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and part only.

### II. BACKGROUND OF AFFIANT

3. I am a Special Agent ("SA") with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") in the Los Angeles Field Division. I have served in this capacity since April 2018. Prior to this position, I attended and graduated from the ATF National Academy in Glynco, Georgia. I completed the 12-week Criminal Investigator Training Program and the 12-week Special Agent Basic Training at the Federal Law Enforcement Training Center

("FLETC") in Glynco, Georgia. I have also received specialized training at FLETC on violations of the Gun Control Act under Title 18 of the United States Code and violations of the Controlled Substance Act under Title 21. These specialized training covered topics such as surveillance tactics, interviewing strategies, drafting warrants, the handling of evidence, procedures for arrests, procedures for search, and testifying in court.

4. I have interviewed confidential informants, witnesses, cooperators, and defendants and have participated in over 500 operations and/or cases involving possession of firearms by prohibited persons, trafficking of firearms and controlled substances, possession of illegal firearms, and gang-related activities. Such operations and/or cases were often conducted in collaboration with other federal agencies, federal joint task forces, and state and local police.

5. Prior to my employment with ATF, I was an SA with Homeland Security Investigations ("HSI") for approximately two years and conducted criminal investigations of federal violations of law such as human trafficking, alien smuggling, trafficking in weapons, and smuggling of bulk currency. Prior to my employment with HSI, I was a United States Border Patrol Agent ("USBP") for approximately ten years. As an USBP, I enforced immigration and criminal law between ports of entry into the United States.

### III. SUMMARY OF PROBABLE CAUSE

6. On or about June 29, 2019, Los Angeles Police Department ("LAPD") officers stopped a car for various traffic violations. Officers saw HARRIS reaching toward the rear passenger area and making furtive movements. Officers smelled a strong odor of marijuana coming from the car. In the car, law enforcement found a Star Bonifacio Echeverria model BKM, 9mm pistol, bearing serial number 1584930 inside a black and gray satchel near where officers saw HARRIS making furtive movements immediately prior to the stop. The pistol was loaded with eight rounds of 9mm Luger caliber ammunition. HARRIS has multiple felony convictions.

### IV. STATEMENT OF PROBABLE CAUSE

7. Based on my review of law enforcement reports, including an LAPD arrest report about the traffic stop of HARRIS and his arrest, conversations with other law enforcement agents, and my own knowledge of the investigation, I am aware of the following:

**A. LAPD Officers Stop HARRIS for Traffic Violations**

8. On or about June 29, 2019, at approximately 7:30 p.m., LAPD Officers Uddin and Clark were patrolling the area of Florence Avenue at Vermont Avenue in Los Angeles, California. The officers saw a silver Mercedes Benz traveling east on Florence Avenue and noticed that the car had no front license plate, in violation of California Vehicle Code 5200. The officers made a U-turn in their patrol car and saw a plastic cover over the rear license plate of the silver Mercedes Benz,

3

in violation of California Vehicle Code 5201, and a dark tint over its rear tail lights, in violation of California Vehicle Code 26101. The officers initiated their forward-facing solid red lights and siren to conduct a traffic stop for these traffic violations.

9. Officer Clark saw HARRIS look in the officer's direction using his rear and side view mirrors. HARRIS did not immediately yield, however, despite having plenty of opportunity to do so safely. HARRIS instead continued to drive through Figueroa Street and Flower Street and under the 110 Freeway. As HARRIS continued to drive, the officers saw HARRIS reaching toward the rear passenger seat and making furtive movements before finally yielding.

**B.   LAPD Officers Found a Loaded Firearm**

10. HARRIS was the sole occupant of the car. Officer Clark was concerned that HARRIS had possibly armed himself based on his furtive movements and therefore ordered HARRIS to step out and away from the car and onto the sidewalk. HARRIS again did not immediately yield, choosing instead to roll down all the windows of the car before finally stepping out of the car. Officer Clark smelled a strong odor of marijuana coming from the car. Officer Clark also saw a black and gray satchel on the floorboard of the rear passenger rear area of the car, which was the area of the car where the officers saw HARRIS reaching prior to the stop.

11. Officer Clark asked HARRIS for consent to search the car, at which time HARRIS appeared nervous and did not consent

to a search. Officer Clark informed HARRIS that based on his actions, including his furtive movements, his failure to pull over, and the strong marijuana odor coming from inside the car, Officer Clark was going to search the car. As Officer Clark started searching the car, HARRIS appeared increasingly nervous and started looking over his shoulder past Officer Clark's direction. Officer Uddin asked HARRIS if there was anything illegal in the car to which HARRIS replied that there was only marijuana. Officer Uddin then asked HARRIS if there were any weapons in the vehicle, and HARRIS replied, "It's not my car." HARRIS backed away from the fence he was standing against and began looking up and down the street, as if he was looking for an avenue of escape. Concerned about safety and worried that HARRIS might flee, Officer Uddin attempted to place handcuffs on HARRIS. HARRIS pulled away from Officer Uddin stating, "You can't touch me, you can't handcuff me." A physical struggle ensued between the officers and HARRIS. The officers took control of HARRIS and placed him in handcuffs.

12. Officer Clark finished searching the car and recovered a Star, model BKM, 9mm pistol, bearing serial number 1584930 from inside the black and gray satchel located on the floorboard of the rear passenger area. The firearm was loaded with eight rounds of 9mm Luger caliber ammunition. The officers arrested HARRIS for being a felon in possession of a firearm, in violation of California Penal Code Section 29800.

13. Based on my search of California Department of Motor

Vehicle records, I learned that the silver Mercedes was registered to Tamika Renee Lewis ("Lewis") with an address in Fontana, California.

14. Based on speaking to LAPD officers, I learned that HARRIS told officers that Lewis is his girlfriend and that he had consent to be drive the vehicle. The vehicle was towed to Al's Towing in Los Angeles, California on June 29, 2019. On June 30, 2019, at approximately 7:13 a.m., Lewis retrieved the vehicle from Al's towing.

C. **HARRIS's Statements During Booking**

15. Based on the LAPD arrest report, and by speaking to LAPD arresting officers, I learned that HARRIS was read his Miranda rights by LAPD Sargent Severns. HARRIS understood his rights and did not wish to speak to Officers at the time. Officers stopped all questioning at this time. I also learned that while LAPD was booking HARRIS at the jail, HARRIS asked what happened to his satchel and whether the satchel would be booked as evidence or left in the car. Officer Clark asked if HARRIS was referring to the satchel with the gun. HARRIS said yes, that the satchel was worth over $700, and that he was worried about losing it. HARRIS also said that he had some "interesting people" in the car earlier.

D. **HARRIS Was a Convicted Felon at the Time He Possessed the Firearm and Ammunition**

16. On July 23, 2019, I reviewed HARRIS's criminal history and therefore know that, prior to June 29, 2019, TORRES had sustained the following felony convictions:

6

      a.    Assault with firearm on person, in violation of California Penal Code Section 245(a)(2), in the Superior Court of the State of California in Los Angeles County, Case Number XNEGA06328902, on or about March 28, 2007;

      b.    Evading a peace officer, in violation of California Vehicle Code Section 2800.2(a), in the Superior Court of the State of California in Los Angeles County, Case Number XNEGA06328902, on or about March 28, 2007;

      c.    Carjacking, in violation of California Penal Code Section 215(a), in the Superior Court of the State of California in Los Angeles County, Case Number XNEGA06328902, on or about March 28, 2007; and

      d.    Infliction of corporal injury to a spouse or cohabitant, in violation of California Penal Code Section 273.5(a), in the Superior Court of the State of California in Los Angeles County, Case Number POMKA10044901, on or about December 26, 2012.

### E. The Firearm and Ammunition Were Manufactured Outside of California

17.    ATF SA Alexander Liwienski, a firearm and ammunition expert, examined the firearm and ammunition on or about June 29, 2019 and determined that the Star Bonifacio Echeverria model BKM, 9mm pistol bearing serial number 1584930 was manufactured in Spain and that the eight rounds of 9mm Luger caliber ammunition recovered were manufactured in Illinois or Mississippi.  Thus, both the gun and ammunition had to have

moved in interstate and/or foreign commerce to be recovered in California.

## V. CONCLUSION

18. For all of the reasons described above, there is probable cause to believe that HARRIS has committed a violation of 18 U.S.C. § 922(g)(1) (felon in possession of firearm and ammunition).

/s/
David Gonzalez, Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Subscribed to and sworn before me this 24TH day of July, 2019.

/s/ ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

8